## VICKREY v. GRIFFIN.

(Court of Civil Appeals of Texas. Austin. Feb. 26, 1913.)

SEQUESTRATION (§ 16*)—RELIEF—JUDGMENT AGAINST THIRD PERSON.

Where a writ of sequestration was levied on property in the possession of a person not a party to the action, who was permitted to retain possession by giving a bond, but who was not cited, and neither appeared nor answered, a judgment against him as a trespasser for his subsequent appropriation of the property could not be sustained.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33; 34; Dec. Dig. § 16.*]

Appeal from District Court, San Saba County; Clarence Martin, Judge.

Action by T. G. Griffin against C. W. Walters, in which a writ of sequestration was levied on property in the possession of W. R. Vickrey. From the judgment, Vickrey appeals. Reversed and remanded.

G. A. Walters, of San Saba, for appellant. Flack & Flack, of San Saba, for appellee.

JENKINS, J. Appellee brought this suit against C. W. Walters on a promissory note for $500, and to foreclose a vendor's lien. He sued out a writ of sequestration, which writ commanded the sheriff to take into his possession three box houses, situated on the land on which vendor's lien was sought to be foreclosed. The sheriff made his return on said writ, showing that he took possession of "two of the within-described houses, which were left thereon situated as in my possession, and forbidding W. R. Vickrey from moving the same; the third house having already been moved before the writ was placed in my hands. The property levied on by me is worth $400." Appellant executed what is entitled a replevy bond for said houses on April 10, 1912.

On April 16, 1912, appellee filed an amended petition, alleging as his cause of action against Walters as in his original petition, and also, as against appellant, that he had "unlawfully entered upon said land, has removed therefrom three dwelling houses that were erected thereon after the time of purchase of said land by the said Chas. W. Walters, and had become attached to said land in such manner as to become a part thereof; that after said Vickrey began the moving of said houses from said land a writ of sequestration was sued out in this case, and said land and houses were taken in charge by the sheriff of this county, under and by virtue of a writ of sequestration, and subsequent thereto the said Vickrey executed and filed a bond, styled replevy bond, and under said bond the said sheriff delivered to said Vickrey all of said houses, and the said Vickrey continued to move same off from said land, and has appropriated same to his own use and benefit, to this plaintiff's great damage."

On the 17th day of April, 1912, judgment was rendered against the said Walters for said debt and foreclosure of lien, and also against Vickrey, appellant, from which we quote as follows: "The court further finds that by reason of said defendant Vickrey's unwarranted interference with the rights of the plaintiff herein in filing said bond, and taking and appropriating said dwelling houses, he has made himself a party to this cause and thereby reduced the value of said land and premises to the extent of said sum of $600; and that, said defendant Vickrey having filed no answer herein showing, or attempting to show any character of justification of his unlawful acts, it is hereby ordered that the plaintiff, T. J. Griffin, do have and recover of and from said defendant W. R. Vickrey, said sum of $600." No citation was served on Vickrey, and, as recited in the judgment, he did not file an answer or make any appearance in this case.

The court seems to have rested its judgment against Vickrey upon the case of Lang et al. v. Dougherty et al., 74 Tex. 226, 12 S. W. 29, from which we quote as follows: "This is altogether an anomalous proceeding. The sheriff levies a writ of sequestration (upon property) in the possession of one not a party defendant, or in any wise connected with the suit, and allows him to retain possession of the property upon giving bond that the defendant shall return it. Such a proceeding is unknown to the law. Upon this bond the court rendered a summary judgment as upon a claimant's bond or a replevy bond. This the court had no power to do."

In the instant case the court did not render judgment against appellant upon the bond, but against him as a trespasser. In the case above cited the court said: "After Waggoner was so allowed to retain possession of the cattle, he was made a party defendant by plaintiffs, and was charged to be liable as a cotrespasser with Lang and Cobb. This he was, as a consequence of his unwarranted interference with the levy of the sequestration, aiding Lang to hold the cattle." We take it that Wagner was made a party defendant in the manner required by law; that is, that a petition was filed setting up his interference with the cattle, and that he was cited, as the law requires, or voluntarily entered his appearance. In this case, as in the case above cited, Vickrey may have been a trespasser by reason of his unwarranted interference with the property; but he must be properly brought into court before judgment can be rendered against him by reason of such trespass. Vickrey filed a motion for a new trial, setting up the fact that he had never been cited, and had not entered an appearance in this case.

For error in rendering judgment against appellant and in overruling his motion for a new trial, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.